**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )  )  **Plaintiff,** )  )  v. )  )  **FIDEL SORIA,** )  )  **Defendant.** )  ) | Case No. 01-20064-CM |

**MEMORANDUM AND ORDER**

In December 2003, this court sentenced defendant to a total of 365 months' imprisonment for charges related to drug trafficking and money laundering (the "Kansas Sentence"). (Doc. 299.) On April 20, 2015, defendant filed a Motion for Clarification pursuant to Rule 36 of the Federal Rules of Criminal Procedure. (Doc. 322.) In his motion, defendant argued that the court intended his sentence to begin retroactively and concurrently with a previous sentence he received for different charges, in a different court. (*Id.*)

After the government responded to defendant's motion (Doc. 328), defendant filed a Motion to Dismiss his Rule 36 motion, (Doc. 329). Defendant admitted that a motion pursuant to Rule 36 was procedurally improper, but defendant still seeks the court's clarification on the proper starting date of his Kansas Sentence. (*Id.*) For the reasons stated below, the court is without jurisdiction to clarify defendant's Kansas Sentence.

**I. Factual Background**

On October 29, 1999, defendant was arrested in the Southern District of Texas. (Doc. 322.) Ultimately, the United States District Court for the Southern District of Texas sentenced defendant to sixty months of imprisonment (the "Texas Sentence"). (*Id.*) While in custody serving his Texas

-1-

Sentence, the government charged defendant with several drug trafficking charges in the District of Kansas. (*Id.*) In November 2002, the government filed a Superseding Information that contained two counts against defendant. (Doc. 203.) In Count One, the government charged defendant with conspiracy to distribute and possess with intent to distribute cocaine, methamphetamine, and fifty kilograms or more of marijuana. (*Id.*) In Count Two, the government charged defendant with money laundering and aiding and abetting. (*Id.*) Defendant pleaded guilty to both counts pursuant to a plea agreement. (Docs. 211 and 213.)

In December 2003, this court sentenced defendant to 180 months on Count One and 185 months on Count Two, ordering the sentences for each count to be served consecutively. (Doc. 299.) Additionally, the court ordered that the sentences for Count One and Count Two be served "concurrent with case No. 5:98CR00268-003 from U.S. District Court, Southern District of Texas, beginning 10/29/99." (*Id.*) The Bureau of Prisons ("BOP") calculated the concurrency of the two sentences to commence on the date of the Kansas Sentencing, (Doc. 322). However, defendant insists that the court intended for his Kansas Sentence begin retroactively, starting on the date of his Texas Sentence. (Doc. 329.) Defendant argues his sentence should be calculated to begin on October 29, 1999, more than four years before the date he was actually sentenced in Kansas. Defendant, who is currently incarcerated in Springfield, Missouri, now seeks the court's clarification regarding the starting date of his Kansas Sentence. (Doc. 322.)

**II.   Discussion**

    A. Jurisdiction

Defendant asks the court for clarification regarding the start date of his Kansas Sentence. Federal courts have consistently construed an attempt for clarification regarding a sentence's start date as a challenge to the execution of the sentence. *See United States v. Kelly*, 504 Fed. App'x. 85, 87 (3d

-2-

Cir. 2012); *United States v. Morgan*, 305 Fed. App'x. 61, 62 (4th Cir. 2008); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989).  However, an inmate's challenge to the execution of a sentence must be filed in the federal judicial district in which the inmate is incarcerated.  *See id.*  To the extent defendant seeks clarification of his sentence, the court construes his request as a challenge to the execution of the sentence.  Consequently, because defendant is currently incarcerated outside the District of Kansas, the court lacks jurisdiction to clarify the matter.

      B. <u>Exhaustion of Administrative Remedies</u>

Furthermore, even if the court did have jurisdiction, defendant did not exhaust the requisite administrative remedies before seeking the court's clarification.  Exhaustion of administrative remedies is required before the court can resolve a challenge to the execution of a sentence.  *Quintana-Navarette v. Garcia*, 361 Fed. App'x. 951, 953 (10th Cir. 2010).  To exhaust administrative remedies, the inmate must first informally attempt resolution by following the warden's procedures for informal complaints.  28 C.F.R. § 542.13(a).  If dissatisfied with the result, the inmate must then submit a formal Administrative Remedy Request to the warden of the inmate's prison.  *Id.* § 542.14(a).  If still dissatisfied, the inmate must appeal to the regional office of the BOP by submitting a regional Office Administrative Appeal.  *Id.* § 542.15(a).  Finally, if still displeased, the inmate can appeal to the National Appeals Administrator in Washington, D.C.  *Id.*

Defendant has failed to demonstrate that he exhausted his administrative remedies.  According to defendant, the BOP's staff advised him to request this clarification, but this is the sole indication of any interaction the defendant had with the BOP.  Defendant offers no evidence that he followed any of the required procedural steps: he does not establish, or even allege, that he filed an Administrative Remedy Request, an Office Administrative Appeal, or an appeal to the National Appeals Administrator.  Therefore, defendant has not exhausted his administrative remedies.

**IT IS THEREFORE ORDERED** that, to the extent defendant seeks clarification of the execution of his sentence pursuant to his initial Motion for Clarification pursuant to Rule 36 (Doc. 322) or in his Motion to Dismiss his Motion for Clarification pursuant to Rule 36 (Doc. 329), that request is denied.

Dated this 29th day of June, 2015, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**