# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

FIDEL SORIA,

    Defendant.

Case No. 01-20064-CM

## MEMORANDUM AND ORDER

This matter is before the court on defendant Fidel Soria's Motion to Clarify (Doc. 333). Defendant requests clarification regarding his sentence, claiming that after he exhausted his administrative remedies, authorities with the Bureau of Prisons ("BOP") recommended he seek clarification from the sentencing court.

In December 2003, this court sentenced defendant to 180 months on count one of the indictment—conspiracy to distribute and possess with intent to distribute cocaine, methamphetamine, and fifty kilograms or more of marijuana—and 185 months on count two—money laundering and aiding and abetting. The court ordered the sentences for each count to be served consecutively. Additionally, the court ordered that the sentences for count one and count two be served "concurrent with case No. 5:98CR00268-003 from U.S. District Court, Southern District of Texas, beginning 10/29/99." (Doc. 299.) The BOP determined the two sentences would commence on the date of the Kansas sentencing. However, defendant insists that the court intended for his Kansas sentence to begin retroactively, starting on the date of his Texas sentence. Defendant argues his sentence should be calculated as beginning on October 29, 1999.

Defendant filed a Motion for Clarification Order or Letter and Clerical Error Pursuant to Rule 36 (Doc. 322) on April 20, 2015. Defendant sought relief identical to that which he seeks in the present motion. The court denied his motion for lack of jurisdiction and found defendant had not exhausted his administrative remedies. In his renewed motion, defendant claims that after he exhausted his administrative remedies, the BOP advised him to seek clarification from the sentencing court.

The government argues that defendant's administrative appeals were denied because, pursuant to a decision from the Administrator of National Inmate Appeals, the BOP found it correctly calculated defendant's sentence, including the start date. In the excerpt of the decision provided in the government's response, the court does not find any instruction that this court is to provide any clarification. Defendant has not provided any evidence that the BOP instructed him to seek clarification from this court. To the extent defendant seeks clarification, his request is denied.

To the extent that defendant challenges the execution of his sentence, this court lacks jurisdiction over the matter. Federal courts have construed an attempt for clarification regarding the sentence start date as a challenge to the execution of the sentence. *See United States v. Kelly*, 504 F. App'x. 85, 87 (3d Cir. 2012); *United States v. Morgan*, 305 F. App'x. 61, 62 (4th Cir. 2008); *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989). However, an inmate's challenge to the execution of a sentence must be filed in the federal judicial district in which the inmate is incarcerated. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

**IT IS THEREFORE ORDERED** that defendant's Motion to Clarify (Doc. 333) is dismissed for lack of jurisdiction. This court does not have jurisdiction over a challenge to the execution of defendant's sentence. To the extent defendant seeks clarification, his motion is denied.

Dated April 11, 2019, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**